WALTER IRISH, as Guardian of JEREMIAH STORY, Appellee, v. DANIEL STORY, Appellant.

**Cancellation of instruments:** MENTAL INCAPACITY: EVIDENCE. In this action to set aside a conveyance of real estate the evidence is held sufficient to warrant a decree cancelling the deed because of the mental incapacity of the grantor.

*Appeal from Polk District Court.*—HON. JAS. A. HOWE, Judge.

MONDAY, MARCH 14, 1910.

ACTION in equity to set aside a conveyance of real estate. Decree for plaintiff, and defendant appeals.— *Affirmed.*

*Chas. S. Bradshaw,* for appellant.

*Parrish & Dowell* and *Walter Irish,* for appellee.

WEAVER, J.—Prior to the transaction in controversy the plaintiff's ward, Jeremiah Story, owned a house and lot in the suburbs of the city of Des Moines. On March 3, 1906, said ward, being then about seventy-seven years of age, was made defendant in a proceeding instituted by one of his children to have him adjudicated a person of unsound mind and for the appointment of a guardian for the preservation of his estate. On April 3, 1906, Daniel Story, a son of said Jeremiah, was appointed his temporary guardian. On July 25, 1906, said guardian-

ship proceedings were dismissed, and the temporary guardian made his final report and was discharged. On August 6, 1906, the said Jeremiah Story conveyed his house and lot to his said son and former guardian, Daniel Story, by warranty deed, for the expressed consideration of $1. The value of the property at that time is variously estimated, but was probably in the neighborhood of $2,500. Later another proceeding was instituted, and the plaintiff herein, Walter Irish, duly appointed the guardian of the grantor, in which capacity he brings this action to set aside the conveyance, on the ground that when the same was made said grantor was of unsound mind. The trial court found for the plaintiff, and decreed the cancellation of the deed, and defendant appeals.

That Jeremiah Story was suffering from the physical infirmities of age is shown without substantial controversy. It is equally clear that his mental faculties were impaired, but the extent of the deterioration is the subject of considerable dispute. The circumstances under which the deed was given, as stated by the defendant and his witnesses, are that very soon after the discharge of Daniel Story as temporary guardian of the father the latter went alone to the office of one English, who had been his friend and adviser, and requested him to prepare the deed. This being done, he executed it, and told English to keep it, and when he met Dan to give it to him. Defendant does not claim that this was done pursuant to an agreement or understanding between him and his father, and says he hesitated for some time about accepting the deed. The old man lived for a time in the house with the son, but quarrels and disagreements between them were not infrequent, and defendant admits that on at least two occasions he cursed his father. The latter claims he was driven away, and, while defendant denies this, he concedes that their relations were hostile, and that he did not invite his father to his table. It is probably true that

the old man was peevish and irritable and hard to get along with; but this serves to emphasize the weakness and childishness from which he suffered. There is some evidence from which we could readily conclude that his senility, of which there can be no doubt, had not reached a degree rendering him incompetent to transact business; and if this were all, and the deed had been given in an ordinary business transaction for a reasonable consideration furnished or paid, or even if it had been given in consideration of a valid obligation of the son to furnish the father a home and support, we should hesitate about affirming its cancellation. But, without attempting to set out all the facts constituting the history of this man and of his family relations during the last year or two prior to the trial in the court below, an examination of the entire record satisfies us that he was so far broken and debilitated in body and mind that he did not have rational comprehension of the nature and effect of his act, or of its effects upon his estate, and that it would be inequitable to deny the relief demanded.

We do not stop to discuss the question of burden of proof, to which counsel have given attention; for, wherever it lies, we are satisfied with the sufficiency of the evidence to sustain the decree of the district court. Of the law governing cases of this nature there is no serious difference of opinion between counsel. The decisive question is one of fact, and we think it was correctly solved by the court below.

The decree appealed from is therefore *affirmed*.